IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY AUGUSTINE, JR.,      *

   *Petitioner*,      *

   v.      *

                                                 Crim. Action No. 11-0675
                                          * Related Civil Action No. ELH-16-1518

UNITED STATES OF AMERICA,
                                                    *

   *Respondent*.
                                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM**

On July 19, 2012, Rodney Augustine, Jr., Petitioner, entered a plea of guilty as to Count One of an Indictment charging him with Conspiracy to Distribute and Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 846. ECF 62; ECF 65 (Plea Agreement). Judge William D. Quarles, Jr., to whom the case was initially assigned, held sentencing on May 8, 2014. ECF 106. At sentencing, the Court determined that Augustine qualified as a Career Offender, because his underlying offense was a controlled substance offense and he had at least two qualifying predicate offenses in Maryland: robbery and first-degree assault. *See* ECF 113 at 1. Judge Quarles sentenced defendant to a term of incarceration of 48 months. ECF 107 (Judgment).

On May 18, 2016, the Federal Public Defender ("FPD") filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, based on *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015). ECF 113 ("Motion"). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555-57; *see also United States*

*v. Winston*, 850 F.3d 667, 680 (4th Cir. 2017) (explaining *Johnson*). Relying on *Johnson*, the FPD argued in the Motion that Petitioner no longer qualified as a Career Offender because his prior convictions do not constitute crimes of violence under the "enumerated offenses" clause or the "force" clause in U.S.S.G. § 4B1.2(a). ECF 113 at 2. The next day, May 19, 2016, the case was reassigned to me due to Judge Quarles's retirement. *See* Docket.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges.

Subsequent to *Beckles*, on August 18, 2017, the FPD asked Petitioner whether he wanted to withdraw his motion. ECF 115 at 2, 3. Petitioner was also advised that the FPD intended to submit a request to withdraw as counsel and, if granted, Petitioner would be proceeding without counsel. *Id.* at 2. Petitioner did not respond to the FPD. *Id.*

On September 18, 2017, the FPD filed a Motion to Withdraw as Counsel. ECF 115. This Court granted the motion two days later. ECF 116.

Pending before this Court is Petitioner's Motion under 28 U.S.C. § 2255. ECF 113. The government did not respond. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016); 28 U.S.C. § 2255(b). For the reasons stated herein, I shall deny the Motion.

## DISCUSSION

Petitioner claims that under *Johnson* he does not qualify as a Career Offender under U.S.S.G. § 4B1.1, because the prior convictions that undergirded his Career Offender designation are not crimes of violence. ECF 43.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Notably, the scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In light of *Beckles*, 137 S. Ct. 886, Petitioner's Motion is without merit. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The *Beckles* Court held, *id.* at 895: "[T]he

advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."

## CONCLUSION

For the reasons stated above, Petitioner's Motion (ECF 43) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claim debatable. Therefore, a certificate of appealability is DENIED.[1]

A separate Order follows.


Dated: October 3, 2017   /s/
Ellen L. Hollander
United States District Judge

---

[1] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.